IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVE SCHMITZ, et al.,

      Plaintiff,                      No. CIV S-11-1487 LKK DAD

      v.

WAL-MART STORES, INC.,          <u>ORDER</u>

      Defendants.

_____/

On October 17, 2011, the parties submitted a proposed protective order regarding the use of confidential information for the court's consideration. That proposed stipulated protective order includes the following provision:

> 11. In connection with discovery proceedings as to which a party submits designated confidential information, all documents and chamber copies containing designated confidential information that are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If designated confidential information in included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:
>
> > This envelope is conditionally sealed pursuant to Order of the Court, contains Confidential

1  Information and is not to be opened or the contents
2  revealed, except by Order of the Court or agreement by the parties.

3  Proposed Stipulated Protective Order filed Oct. 17, 2011 (Doc. No. 28), ¶ 11.

4  All documents filed with the court are presumptively public.[1]  See San Jose
5  Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-
6  established that the fruits of pretrial discovery are, in the absence of a court order to the contrary,
7  presumptively public.").  Rule 26 of the Federal Rules of Civil Procedure provides a mechanism
8  by which the parties may, in appropriate circumstances, propose means of protecting the claimed
9  confidentiality of information in certain documents filed in a specific case.  Fed. R. Civ. P. 26(c).
10  Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in
11  light of the broad discovery rights authorized in Rule 26(b).  United States v. CBS, Inc., 666 F.2d
12  364, 368-69 (9th Cir. 1982).

13  Whether or not a protective order is entered in any case is subject to the discretion
14  of the court.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c)
15  confers "broad discretion on the trial court to decide when a protective order is appropriate and
16  what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th
17  Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent
18  disclosure of materials for many types of information").  A protective order will not be entered
19  absent a showing of good cause.  Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co.,
20  331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can
21  gain access to litigation documents and information produced during discovery unless the party
22  opposing disclosure shows 'good cause' why a protective order is necessary.").
23  /////

---

[1] A party may have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1  A party's desire for a protective order does not constitute good cause to bar the
2  public from access to litigation documents. Rather, the party seeking protection bears the burden
3  of showing specific prejudice or harm, including, with respect to individual documents,
4  particular and specific need for protection. Phillips, 307 F.3d at 1210-11; San Jose Mercury
5  News, 187 F.3d at 1102-03. "If a court finds particularized harm will result from disclosure of
6  information to the public, then it balances the public and private interests to decide whether a
7  protective order is necessary." Phillips, 307 F.3d at 1211.
8  Stipulations and motions for entry of a protective order must (1) show a
9  particularized need for protection as to each individual document or piece of information
10 proposed to be covered by the order, (2) show why the need for protection should be addressed
11 by court order, as opposed to a private agreement between or among parties, and (3) describe the
12 types of documents or information eligible for protection under the order, with the description
13 provided in general terms sufficient to reveal the nature of the types of documents or information.
14 See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders
15 "are inherently subject to challenge and modification, as the party resisting disclosure generally
16 has not made a particularized showing of good cause with respect to any individual document").
17 The court will not enter a discovery order or a protective order that enables, by its
18 terms, the parties to designate so much material as "confidential" that, in essence, entire case
19 filings are sealed. Nor will the court approve an order giving blanket authority to the parties to
20 designate what will be filed with the court under seal. Here, the stipulated protective order
21 proposed by the parties would give the parties blanket authority to designate documents to be
22 filed under seal.
23 The parties' request for entry of the proposed stipulated protective order will be
24 denied without prejudice to the submission of a stipulated protective order that cures this defect.
25 The parties may, of course, agree that specific documents to be filed with the court that disclose
26 information derived from documents containing confidential information shall be submitted to

1  the court either in redacted form in conformity with Local Rule 39-140 or with a proposed

2  sealing order in conformity with Local Rule 39-141.

3        Accordingly, IT IS ORDERED that the parties' October 17, 2011 request for entry

4  of the proposed stipulated protective order (Doc. No. 28) is denied without prejudice.

5  DATED: October 18, 2011.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\schmitz1487.mpoden