William A. Kershaw (State Bar No. 057486)
Lyle W. Cook (State Bar No. 148914)
Stuart C. Talley (State Bar No. 180374)
**KERSHAW, CUTTER & RATINOFF, LLP**
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Mark J. Tamblyn (State Bar No. 179272)
Ian J. Barlow (State Bar No. 262213)
**WEXLER WALLACE LLP**
455 Capitol Mall, Suite 231
Sacramento, California 95814
Telephone: (916) 492-1100
Facsimile: (916) 492-1124

Todd M. Schneider (State Bar No. 158253)
Mark T. Johnson (State Bar No. 76904)
**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

[Additional Counsel Listed on Signature Page]
Attorneys for *Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVE SCHMITZ and ROBIN STEWARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>Defendant. | Case No. 11-cv-01487 LKK DAD<br><br>**AMENDED STIPULATION AND PROTECTIVE ORDER REGARDING USE OF CONFIDENTIAL INFORMATION** |

IT IS HEREBY STIPULATED AND AGREED between the undersigned counsel of record for the parties in the above-entitled action:

-1-

1. That the preparation and trial of this action may require the discovery or disclosure of documents, tangible things, testimony, transcripts, information or other materials claimed by one or more of the parties to this action or others to be confidential.

2. In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve the ends of justice, a protective order for such information is prudent and necessary. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

3. In the event that disputes arise between the parties with regard to the terms or operation of this protective order, the parties agree to meet and confer in a good faith to attempt to resolve the dispute. In the event that the parties cannot in good faith resolve any such disputes, the parties agree to submit such disputes to the Court for resolution.

4. Any party may designate as "CONFIDENTIAL INFORMATION" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery that the party considers in good faith to contain secret, proprietary, private or confidential information. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

5. There is also a need to protect certain confidential information, which may be considered especially sensitive and confidential, from disclosure to any individual party or employee of an individual party because such disclosure could harm the person, business, or financial interests of the party producing such information or of a non-party to this litigation. Consequently, any party may designate as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (by stamping the relevant page or as otherwise set forth herein) any document or


response to discovery that the party considers in good faith to contain such especially sensitive information. Such material may include documents previously marked and kept in the ordinary course of business as "Highly Confidential," or "Attorneys' Eyes Only"; confidential documents not otherwise exchanged or disclosed to opposing parties in Government proceedings; and personal employee records that contain personally identifiable information in which the individual would expect to maintain a reasonable expectation of privacy. Any party may designate a document or response as ""HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in the same manner as "CONFIDENTIAL INFORMATION." (Materials designated either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be referred to herein as "designated confidential information.").

6. In the case of information disclosed during a deposition or discovery materials produced by any party before the date the Court signs this Order, the parties may designate such information and discovery materials as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" within 30 days of service on the party of the signed Order by providing written notice to all parties of the relevant document numbers or other identification. Until the expiration of the 30-day period to designate the deposition transcript or written discovery as confidential, the parties shall treat the entire deposition transcript, deposition exhibits and discovery materials as confidential. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 12 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

7. Testimony during deposition may be designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" provided that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when

it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Whenever designated confidential material is to be discussed or disclosed in a deposition: (a) any person who has produced or will produce such material may require the exclusion from the room of any person who is not entitled to receive such material under this Order; and (b) any party who will disclose material previously designated shall first exclude from the room any person who is not entitled to receive such material under this Order.

8. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, designated confidential information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, provided the document is not designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY";

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the designated confidential information and made available for inspection by opposing counsel after the disclosure of expert witnesses, in the case of expert witnesses who have been so designated by a party, or after the termination of the action, in the case of consultants) before being shown or given any designated confidential information.

(e) any authors or recipients of the designated confidential information;

(f)   the Court, court personnel, and court reporters; and

(g)   witnesses at depositions or at trial whom the propounding party has good faith reason to believe are likely to have personal or expert knowledge concerning the matter described in the designated confidential information being presented. A witness at deposition shall sign the Certification before being shown designated confidential information. Witnesses shown designated confidential information shall not be allowed to retain copies.

9.   Any persons receiving designated confidential information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

10.   A party may not file in the public record in this action any Confidential Information or Highly Confidential - Attorneys' Eyes Only information without written permission from the designating party or a court order secured after appropriate notice to all interested persons. A party that seeks to file Confidential Information or Highly Confidential - Attorneys' Eyes Only information under seal must comply with Local Rule 141. Designated confidential information may only be filed under seal pursuant to a court order authorizing the sealing of the specific designated confidential information at issue.

11.   Any party may voluntarily disclose to the other without restriction any of its own information designated by that party as designated confidential information, although a document may lose its confidential status if it is made public.

12.   If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party contending that the material is entitled to confidential treatment shall have 25 days from the service of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection. Any documents that are the subject of a motion filed under this paragraph shall be treated as designated confidential information until the Court has ruled on the motion.

13.   Notwithstanding any challenge to the designation, all documents and materials designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the deadline for filing a motion to uphold the confidentiality of the documents has expired following receipt of a written challenge under Paragraph 12 and the designating party has not filed a motion with the Court to uphold the confidentiality of the document ; or

(b) the party who claims that the material is "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" withdraws such designation in writing; or

(c) the Court rules the material is not "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

14. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The party designating the information or items as confidential must only designate for protection those parts of the materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that the designated confidential information does not qualify for protection, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

15. If timely corrected, an inadvertent failure to designate information or items as confidential does not, standing alone, waive a party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make

-6-

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

16. All provisions of this Order restricting the communication or use of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of designated confidential information of another party, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than 30 days after conclusion of this action to counsel for the party to whom the information belongs, or (b) upon consent of the party who provided the information, destroy such documents within that time period and certify in writing within 30 days that the documents have been destroyed.

17. Nothing herein shall be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief from an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

18. The execution of this Order shall not:

(a) constitute waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to designated confidential information; or

(b) be construed as an admission or agreement that any document designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

19. In addition to other legal remedies, if a party granting discovery proves that the other discovering party and/or the party's counsel willfully violated the above procedures for protecting the opposing party's confidentiality of the other party's designated confidential information, then the discovering party and/or the party's counsel may be subject to contempt

liability.  The Court shall retain jurisdiction after termination of this action to hear any matters governed by this Protective Order Regarding Use of Confidential Information.

Dated:  October 21, 2011.                    **GREENBERG TAURIG, LLP**

By: /s/ *Stephen Paffrath*
Stephen Paffrath

Kurt A. Kappes
1201 K Street, Suite 1100
Sacramento, California  95814
Telephone:  (916) 442-1111

Naomi G. Beer (admitted *pro hac vice*)
**GREENBERG TRAURIG, LLP**
1200 17th Street, Ste. 2400
Denver, Colorado  80202
Telephone:  (303) 572-6500

Attorneys for *Defendant*
*Wal-Mart Stores, Inc.*

Dated:  October 21, 2011.                    **WEXLER WALLACE LLP**

By: /s/ *Mark J. Tamblyn*
Mark J. Tamblyn

Ian J. Barlow
455 Capitol Mall, Suite 231
Sacramento, California  95814
Telephone:  (916) 492-1100
Facsimile:  (916) 492-1124

William A. Kershaw
Stuart C. Talley
**KERSHAW CUTTER & RATINOFF LLP**
401 Watt Avenue
Sacramento, California  95864
Telephone:  (916) 448-9800
Facsimile:  (916) 669-4499

Kenneth A. Wexler (admitted *pro hac vice*)
**WEXLER WALLACE LLP**
55 West Monroe, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Todd M. Schneider
Mark T. Johnson
**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for *Plaintiffs*

**It is so ordered.**

DATED: 11/3/11

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil.schmitz1487.spo

-9-