William A. Kershaw (State Bar No. 057486)
wkershaw@kcrlegal.com
Lyle W. Cook (State Bar No. 148914)
lcook@kcrlegal.com
Stuart C. Talley (State Bar No. 180374)
stalley@kcrlegal.com
**KERSHAW, CUTTER & RATINOFF, LLP**
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

[Additional Counsel Listed on Signature Page]

Attorneys for *Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE SCHMITZ and ROBIN STEWARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:11-cv-01487-LKK-DAD<br><br>**STIPULATION AND ORDER TO AMEND SCHEDULING ORDER** |

## INTRODUCTION

Plaintiff Robin Steward ("Plaintiff") and Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") hereby file this stipulation to respectfully request that the court amend its scheduling order dated December 13, 2011.  The purpose of this request is to avoid the unnecessary expenditure of court resources and to increase the efficiencies in this litigation.

Plaintiff alleges that Wal-Mart has a custom and practice of failing to refund the actual purchase price for items that are returned to its stores with a gift receipt.  One of the primary forms of relief sought by Plaintiff in this litigation is injunctive relief ordering Wal-Mart to ensure that gift receipt returns are processed in a manner that results in refunds of the full purchase price.

In support of her allegations, Plaintiff intends to utilize expert witnesses who will testify about how Wal-Mart's software operates, why it is deficient and how it should be revised.

Wal-Mart denies the substantive allegations made by Plaintiff, denies that class certification is appropriate in this case, and denies that Plaintiff, or any putative class member, is entitled to the relief sought in this case.

Wal-Mart is currently considering, and may in the future be implementing, changes to the systems used in processing gift receipt returns. How the systems related to gift receipt returns operate will be central to both the expert and fact witness testimony in this case as well as to the nature of the expert testimony provided. Consequently, the parties believe that significant efficiencies can be achieved by continuing all deadlines in this case for a period of 6 months, at which time the Court would meet with parties for a further case management conference to determine whether the matter is ready for the close of class certification discovery and class certification briefing. In the alternative, the Court should continue all deadlines for 6 months, as set forth in the proposed schedule below.

Specifically, under the current schedule, the parties are required to complete discovery, submit Rule 26 expert reports, and brief class certification well prior to the date that any potential revisions to Wal-Mart's systems would or could be implemented. This means that after exchanging expert reports and briefing class certification, the parties would have to seek leave to submit additional expert reports and conduct further fact and expert discovery concerning those revisions. In other words, the current schedule has the parties shooting at a moving target.

However, by continuing the deadlines for a 6 month period, the parties will be in a position to conduct discovery concerning any changes to the systems that relate to gift receipt returns and disclose expert reports once, instead of on multiple occasions. Additionally, by giving Plaintiff sufficient time to analyze any such revisions, a significant aspect of this case (Plaintiff's claim for injunctive relief) may be disposed of prior to this Court having to expend resources considering Plaintiff's Motion for Class Certification.

1. WHEREAS, the parties hereby desire to amend the scheduling order entered by this Court on December 13, 2011; and

2. WHEREAS, as described above, the parties believe there is good cause to amend the schedule in order to increase efficiencies and reduce the cost of this litigation;

3. WHEREAS, to date the parties have not sought any prior stays on continuances of any deadline in this case;

Plaintiff and Wal-Mart stipulate and agree that the scheduling order dated December 13, 2011 should be amended as follows:

Plaintiff shall file any motion for class certification so that it shall be heard no later than June 30, 2013;

All class certification discovery shall be completed by April 30, 2013;

All motions to compel such discovery must be scheduled such that the motions will be heard not later than March 30, 2013;

All expert reports regarding class certification shall be disclosed and filed by February 28, 2013.

All other aspects of the Court's December 13, 2011 Order shall remain in full force and affect.

**IT IS SO STIPULATED.**

Dated:  August 30, 2012              **KERSHAW CUTTER & RATINOFF LLP**

By   */s/ William A. Kershaw*
          William A. Kershaw

          Lyle W. Cook
          Stuart C. Talley
          401 Watt Avenue
          Sacramento, California 95864
          Telephone: (916) 448-9800
          Facsimile:  (916) 669-4499

          Kenneth A. Wexler (admitted *pro hac vice*)
          **WEXLER WALLACE LLP**
          55 West Monroe, Suite 3300
          Chicago, Illinois 60603
          Telephone: (312) 346-2222
          Facsimile:  (312) 346-0022
          Todd M. Schneider
          Mark T. Johnson
          **SCHNEIDER WALLACE COTTRELL
            BRAYTON KONECKY LLP**
          180 Montgomery Street, Suite 2000
          San Francisco, California 94104
          Telephone: (415) 421-7100
          Facsimile:  (415) 421-7105

          Attorneys for *Plaintiffs*

Dated:  August 27, 2012          **GREENBERG TAURIG, LLP**

By   */s/ Stephen E. Paffrath*
      Stephen E. Paffrath

Kurt A. Kappes
1201 K Street, Suite 1100
Sacramento, California 95814-3938
Telephone: (916) 442-1111
Facsimile:  (916) 448-1709

Attorneys for *Defendant Wal-Mart Stores, Inc.*

## **ORDER**

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated:  September 5, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT